UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LISA WOODS                                                                                                    PLAINTIFF

v.                                          No. 5:22-cv-05164

EDWARD IVAN PETERS, JENNIFER ANN STARK,
and JASP REAL ESTATE, LLC                                                                       DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiff Lisa Woods' motion to remand (Doc. 7), Plaintiff's brief in support (Doc. 8), and Defendants' response in opposition (Doc. 14). Also before the Court are Plaintiff's separate renewed motion for contempt and motion for sanctions (Doc. 9), Plaintiff's brief in support (Doc. 10), and Defendants' response in opposition (Doc. 15). Defendants have also filed a statement of facts supporting both of their responses (Doc. 16). For the below reasons, the remand motion will be GRANTED. Because the remand motion will be granted, Plaintiff's motion for contempt and sanctions will be DENIED as MOOT.

**I.    Background**

This case arises from a trust dispute originally filed in Arkansas state court. (Doc. 8, p. 2). In 2019, Zoran Peters, not a party here, sued Lisa Woods concerning over the administration of family trusts, including the Peters Family Trust. *Id.* Two years later, in June 2021, the state court declared Lisa Woods trustee of the Peters Family Trust. *Id.* Ms. Woods sought and received permission to file a third-party complaint against Edward Peters, Jennifer Stark, and JASP Real Estate LLC ("Third-Party Defendants"). *Id.* Ms. Woods filed her third-party complaint on June 4, 2021. (Doc. 2-1).

Third-Party Defendants removed the case to this Court on July 20, 2021. (Doc. 2, p. 1).

1

This Court remanded the case to state court two months later. *Woods v. Peters et al.*, No. 5:21-cv-5130-TLB, 2021 WL 4352322, at *1 (W.D. Ark. Sept. 24, 2021). This Court concluded that the Third-Party Defendants lacked the power to remove the action because they were not the original defendants entitled to removal under 28 U.S.C. § 1441(a). *Id.* at *3.

Eight months after the remand, Third-Party Defendants filed a motion in state court seeking, among other relief, severance based on misjoinder. (Doc. 2-3, p. 8–9 (citing Ark. R. Civ. P. 21)). The Arkansas circuit judge denied the motion "to the extent it seeks it seeks [sic] to vacate, continue or sever the case or claims based on misjoinder, but grant[ed] severance of the claims raised in the third-party complaint as conducive to expedition and economy." (Doc. 2-4, p. 2). However, "[t]he Court retain[ed] jurisdiction over the third-party complaint. The third-party complaint will be considered in a separate trial in furtherance of convenience to the litigants and judicial economy during the pendency of the appeal." *Id.* at 3. Less than two weeks later, Third-Party Defendants removed the instant action to this Court under 28 U.S.C. § 1446(b)(3). (Doc. 2).

**II.    Legal Standard**

A civil action may be removed to federal court only if the complaint could have originally been filed in federal court. 28 U.S.C. § 1441(a). After an action has been removed, a plaintiff opposing removal may move to remand the action to state court. *Id.* § 1447(c). If an action is not originally removable, a party has 30 days to remove the action after receiving "an amended pleading, motion, order, or other paper" rendering the action removable. *Id.* § 1446(b)(3). However, a diversity action cannot be removed under the previous exception "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith" to prevent removal. *Id.* § 1446(c)(1).

If the removal is procedurally defective, a party has 30 days following the notice of removal

to move to remand the action. *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (citing 28 U.S.C. § 1447(c)). If a party fails to meet this 30-day deadline, they waive those objections. *Id.* (citing 14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3739.2 (Rev. 4th Ed. 2020)).

### III.  Discussion

Ms. Woods argues that this action should be remanded due to Third-Party Defendants' untimely removal. (Doc. 8, p. 2). Third-Party Defendants contest remand on two grounds. First, Third-Party Defendants argue that the state court's "order for 'severance' commences a new suit." (Doc. 14, p. 1). Second, Third-Party Defendants argue that Ms. Woods waived her removal objection by filing her motion for contempt and sanctions. *Id.* (citing Docs. 9, 10). These arguments will be addressed in turn.

#### A.  Severance

The parties dispute when this action commenced. The date of commencement matters because the action was not initially removable, so the one-year time limit from § 1446(c)(1) might bar removal. The Third-Party Defendants removed for the second time under § 1446(b), arguing that the state court's order on severance commenced a new action. (Doc. 2, p. 3). Conversely, Ms. Woods argues the action commenced in June 2021 when she filed her third-party complaint. (Doc. 8, p. 1).

State law governs when an action commences under section 1446(c)(1). *See Lang v. Social Security Administration*, 612 F.3d 960, 965 (8th Cir. 2010) (citation omitted). The parties cite two different Arkansas Rules of Civil Procedure to support their positions regarding commencement. Ms. Woods points to Rule 3; Third-Party Defendants point to Rule 21. Rule 3 explains "[a] civil action is commenced by filing a complaint with the clerk of the court, who shall note thereon the

date and precise time of filing." Rule 21 states "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action and upon such terms as are just. Any claim against a party may be severed and proceeded with separately." Third-Party Defendants' argument hinges on whether the state court severed the claims against them in the original state court action.

Before deciding when the action commenced, this Court must determine if severance occurred. Defendants characterize the Arkansas circuit judge's order separating the third-party claims as a "severance order." (Doc. 14, p. 3). This Court would not go so far. Third-Party Defendants sought severance of the claims against them under Ark. R. Civ. P. 21. (Doc. 2-3, p. 8). Under Arkansas's Rule 21, "any claim against a party may be severed and proceeded with separately." Conversely, under Rule 42(b), an Arkansas circuit court can order a separate trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . . ." *Ellis v. Agriliance, LLC*, No. CA 11-236, 2012 WL 4668317, at *4 (Ark. Ct. App. 2012).

"Separate trials under Rule 42 should be distinguished from severance of claims." *Id.* (citing David Newbern et al., *Arkansas Civil Practice & Procedure* § 25:3 (5th ed. 2010)). Separate trials keep a case intact, resulting in one final judgment. *Id.* at *5 (citing *Barnhart v. City of Fayetteville*, 875 S.W.2d 79 (Ark. 1994)). Severance, on the other hand, separates claims into independent actions with separate judgments. *Id.* (first citing *Barnhart*, 875 S.W.2d at 79; and then citing *Green v. George's Farms, Inc.*, 378 S.W.3d 715, 718 n.1 (Ark. 2011)).

The Arkansas Court of Appeals has provided helpful guidance about the difference between severing claims and ordering separate trials in *Ellis v. Agriliance LLC*. In *Ellis*, the state circuit court ordered severance under Rule 21 in a case involving nearly 70 plaintiffs and over 20

4

defendants. *Id.* at \*1–\*2. The circuit judge aimed to conduct trials with smaller sets of plaintiffs to avoid the "unwieldy" effects of a trial with that many parties. *Id.* After the first trial, the state trial court entered a purported final judgment. *Id.* at \*3.

The Arkansas Court of Appeals, however, dismissed the case for lack of finality. *Id.* at \*6. Although the circuit judge cited Rule 21, the appellate court reasoned the circuit court effectively separated the claims for trial under Rule 42. *Id.* at \*5. The appellate court noted the circuit judge did not issue separate docket numbers for the separate trials, and the circuit court continued to enter orders pertaining to all plaintiffs. *Id.* The court thus concluded that there was not a severed claim, but rather a separate trial that did not result in an appealable final judgment. *Id.*; *see also Green v. Stueve*, No. CV-15-443, 2016 WL 324529, at \*4 (Ark. Ct. App. 2016) (again noting a circuit court separates claims for trial when there are no separate docket numbers and enters orders pertaining to all parties).

Here, despite using the word "sever," the Arkansas circuit judge separated the claims for trial under Rule 42. Three reasons support this conclusion. First, the circuit judge ordered that he would consider the claims in a separate trial. (Doc. 2-4, p. 3). The order stated "the Court retains jurisdiction over the third-party complaint. The third-party complaint will be considered in a separate trial . . . ." *Id.* at 2–3. Second, the order used Rule 42's language—"furtherance of convenience" and "expedition and economy"—to support its reasoning. This tends to show that the circuit judge was separating the claims under Rule 42(b), rather than severing the claims under Rule 21. Third, the circuit judge explicitly denied the motion to sever based on misjoinder, which is what Rule 21 concerns. The circuit judge therefore did not sever the claims against Third-Party Defendants. In sum, the "severance order" did not commence a new civil action against Third-

5

Party Defendants.

Third-Party Defendants cite *Lewis v. Federal National Mortgage Association* to support their severance argument, but their reliance on *Lewis* is misplaced.  No. 2:20-cv-01228, 2020 WL 9264805, at *1 (N.D. Ala. Nov. 4, 2020).  In *Lewis*, the Alabama state court cited its own Rule 21 to sever the claims in the original lawsuit.  *Id.*  However, in *Lewis*, the state court "directed the clerk to 'create a new action, with a separate case number.'"  *Id.*  Here, no such severance occurred.  The circuit court entered its order under the same case number, indicated it was retaining jurisdiction, and indicated it would take a separate matter under advisement.  (Doc. 2-4, p.1, 4).  None of this supports a conclusion that the circuit court intended to sever the claims.

Finding that the claims were not severed, the Court now turns to the federal removal statutes.  As stated above, state law governs when an action commences under section 1446(c)(1).  *See Lang*, 612 F.3d at 965 (8th Cir. 2010) (explaining state rules of procedure govern what events trigger removal statute time limits).  Arkansas Rule of Civil Procedure 3 provides that an action commences when a complaint is filed.  *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 774 (8th Cir. 2014) ("Reece commenced this case . . . by filing a complaint in Arkansas state court.").  Therefore, at the latest, this action commenced at the latest on June 4, 2021, when Ms. Woods filed her third-party complaint.[1]  Using the one-year time limit, that would give the Third-Party Defendants until the first week of June 2022 to remove the action.

The Third-Party Defendants removed the case on August 5, 2022 (Doc. 2) which is beyond the time limit allowed in section 1447(c)(1).  Absent bad faith, section 1447(c)(1) provides that

---

[1] This action might have commenced when Zoran Peters initially filed a complaint against Lisa Woods in 2019. The Court need not address whether a third-party complaint commences a new action because the removal was untimely using either date: the filing of the original complaint in 2019 or the third-party complaint in June 2021.

6

removal is untimely "more than 1 year after commencement of the action." Third-Party Defendants have not argued that Ms. Woods acted in bad faith to prevent removal, and this Court finds Ms. Woods has not acted in bad faith. Because removal occurred more than one year after the action commenced, the case will be remanded to the Circuit Court of Benton County, Arkansas.

### B. Waiver

Third-Party Defendants alternatively argue that Ms. Woods waived her remand argument by moving for sanctions and contempt. (Doc. 14, p. 4). Relying on *Koehnen v. Herald Fire Insurance Company*, 89 F.3d 525 (8th Cir. 1996), Third-Party Defendants argue that any affirmative action in federal courts leads to waiver of a party's other arguments. This Court does not interpret *Koehnen* as creating such a bright-line rule.

District courts have broad discretion to determine whether a party has waived objections to procedural defects in removal. *See Fin. Timing Publ'ns, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 940 (8th Cir. 1990) (citation omitted). Third-Party Defendants are correct that the Eighth Circuit has held that "[a] party that engages in affirmative activity in federal court typically waives the right to seek a remand, particularly if the federal court has ruled unfavorably." *Koehnen*, 89 F.3d at 528 (first citing *Fin. Timing Publ'ns, Inc.*, 893 F.3d at 940; and then citing *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78–79 (8th Cir. 1989)). But in the Eighth Circuit cases considering this type of waiver, the parties had engaged in far more affirmative action than is the case here.

In *Koehnen*, the party seeking remand had also sought leave to file a supplemental complaint, "vigorously argued that motion," and received an unfavorable ruling. *Id.* at 528. In *Financial Timing Publications Inc.*, the party seeking remand participated in a pretrial conference, conducted discovery for a year, and appealed a magistrate judge's order. 893 F.2d at 940. And finally, in *Nolan*, the party litigated in federal court for over two years before moving for remand.

7

871 F.2d at 78. Among other actions, the *Nolan* party argued two summary judgment motions, sought default judgment, and received multiple unfavorable rulings before seeking remand. *Id.* at 78–79.

Ms. Woods has not engaged in as much affirmative activity as the parties in previous waiver cases. The only affirmative action Ms. Woods has taken in this case is also moving for sanctions and contempt at the same time as her remand motion. The contempt motion has not been ruled on, and Ms. Woods has not received any unfavorable rulings. The *Koehnen* court's concern that a party seeking remand might be looking for a second bite of the apple in state court is not present here. 89 F.3d at 528.

In short, Ms. Woods' limited activity in this case other than seeking remand does not amount to a waiver of her remand argument. Since there was no waiver, Ms. Woods can object to removal based on the one-year time limit. As discussed above, because the removal was untimely, the action will be remanded.

**IV.   Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's motion to remand (Doc. 7) is GRANTED, and the case is remanded to the Circuit Court of Benton County, Arkansas.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 9) for contempt and sanctions is DENIED as MOOT.

IT IS SO ORDERED this 7th day of September, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE